UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PHILIP RIPTON )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAMP DRESSER & MCKEE, INC. )<br>and CDM CONSTRUCTORS, INC. )<br>)<br>Defendants. ) | CASE NO. 1:07-CV-20<br><br>(A jury trial is requested.) |

**FIRST AMENDED COMPLAINT**

**NOW COMES** the Plaintiff, Philip Ripton ("Ripton"), by and through undersigned counsel, and complains against the Defendants, Camp Dresser & McKee, Inc. and CDM Constructors, Inc. (collectively "CDM"), as follows:

**Introduction**

1. Plaintiff Ripton's claims arose when the (1) Defendants terminated his employment because of his age and because of his complaints about age discrimination and (2) Defendants permitted discriminatory age-based harassment to alter the terms and conditions of Ripton's employment.

**Parties**

2. Plaintiff Ripton is a resident of Newport, Maine. At all times relevant to this action he was over 40 years of age.

3. Defendant CDM Constructors, Inc. is a wholly owned subsidiary of Camp Dresser & McKee, Inc. Both entities are Massachusetts corporations that, at all times relevant to this action, employed workers, including Plaintiff, at job sites in Maine.

1

**Jurisdiction**

  4. Jurisdiction is present pursuant to 28 U.S.C. §§ 1331 and 1332 and 29 U.S.C. § 626(c). The Court's pendent jurisdiction is also invoked.

**Factual Allegations**

  5. Ripton worked for CDM for about 1 ½ years. The last location where he worked for CDM was Orrington, Maine.

  6. During Ripton's employment he experienced severe and/or pervasive age based harassment. This harassment altered the terms and conditions of Ripton's employment.

  7. Ripton complained to members of CDM management about this age based harassment. Despite his complaints, the harassment continued.

  8. CDM terminated Ripton's employment on or about July 27, 2005 because of his age and because he had complained of discriminatory age based harassment.

  9. On or about December 28, 2005, Ripton filed Charges of Discrimination with the Maine Human Rights Commission (MHRC) and the Equal Employment Opportunity Commission (EEOC). Both the MHRC and EEOC have issued Ripton right-to-sue letters. Ripton has exhausted all administrative remedies.

**COUNT ONE—MAINE HUMAN RIGHTS ACT (MHRA)**

  10. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-9 as if set forth fully herein.

  11. CDM violated the MHRA (5 M.R.S.A. § 4551 et seq.) when it terminated Ripton because of his age and because he complained about discriminatory age based harassment.

  12. CDM also violated the MHRA because it permitted age based discriminatory harassment to alter the terms and conditions of Ripton's employment.

13. As a direct and proximate result of CDM's violation of the MHRA, Ripton incurred damages including, but not limited to, lost income, humiliation, and loss of enjoyment of life.

14. CDM intentionally violated the MHRA with malice and/or with reckless disregard for Ripton's rights.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount sufficient to fairly and reasonably compensate him for all past and future injuries and damages; plus costs, interest, punitive damages, attorneys' fees, and any other relief this Court deems just and proper.

**COUNT TWO—AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA)**

15. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-14 as if set forth fully herein.

16. CDM violated the ADEA (29 U.S.C. § 621 et seq.) when it terminated Ripton because of his age and because he complained about discriminatory age based harassment.

17. CDM also violated the ADEA because it permitted age based discriminatory harassment to alter the terms and conditions of Ripton's employment.

18. As a direct and proximate result of CDM's violations of the ADEA, Ripton incurred damages including, but not limited to, lost income, humiliation, and loss of enjoyment of life.

19. CDM intentionally and willfully violated the ADEA with malice and/or with reckless disregard for Ripton's rights.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount sufficient to fairly and reasonably compensate him for all past and future injuries and damages; plus costs, interest, liquidated damages, attorneys' fees, and any other relief this Court deems just and proper.

DATE: May 4, 2007 /s/ Peter L. Thompson
Attorney for the Plaintiff

**Peter Thompson & Associates**
92 Exchange Street
Portland, Maine 04101
(207) 874-0909