UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| PHILIP RIPTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAMP DRESSER & MCKEE, INC. )<br>and CDM CONSTRUCTORS, INC., )<br>)<br>Defendant. ) | Civil No. 07-20-B-W |

**RECOMMENDED DECISION ON DEFENDANT CAMP DRESSER & MCKEE'S MOTION TO DISMISS**

Philip Ripton has sued his former employer(s), CDM Constructors, Inc., and/or Camp Dresser & McKee, Inc., alleging age discrimination in employment. Camp Dresser and McKee, the parent of CDM Constructors, has filed a motion to dismiss the claims against it on the ground that it was never Mr. Ripton's employer and on the ground that Ripton failed to administratively exhaust his claims against it before commencing this civil action. (Mot. to Dismiss, Doc. No. 31.) Philip Ripton requests an opportunity to address the Court orally on the matter. (Mot. for Oral Arg., Doc. No. 38.) I conclude that both motions should be denied.

**Rule 12 standard**

Pursuant to Rule 12(b)(6) a party is entitled to have a claim against it dismissed when the allegations on which the claim depends "fail[] to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion under Rule 12(b)(6) the Court must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences in the plaintiff's favor, and determine whether the complaint, when taken in the light most favorable to the nonmovant, sets forth sufficient facts to support the claim for relief.

Clorox Co. v. Proctor & Gamble Commer. Co., 228 F.3d 24, 30 (1st Cir. 2000); LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998).  Pursuant to Rule 8(a), the pleader need only make a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A motion to dismiss should only be granted when it is clear that "no relief could be granted under any set of facts that could be proved consistent with the allegations."  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 514 (2002) (quoting Hirshon v. King & Spaulding, 467 U.S. 69, 73 (1984)).

## Discussion

Camp Dresser & McKee contends that it is not a proper party to this litigation because it was never Philip Ripton's employer and because, even if it once was, Mr. Ripton failed to administratively exhaust his claim.  These assertions fly in the face of what Mr. Ripton alleges in his first amended complaint.  With his third and ninth allegations, Philip Ripton asserts that he was employed by both of the named defendants and that he exhausted all of his administrative remedies against them.  (First Am. Compl. ¶¶ 3, 9, Doc. No. 27.)  The first amended complaint has no attachments.  Consequently, the Court would have to convert the motion to dismiss into a motion for summary judgment in order to grant the requested relief.  See Fed. R. Civ. P. 12(b).  In his response to the motion, Mr. Ripton indicates that, if the Court is inclined to entertain the motion, he would like an opportunity to conduct discovery to support his allegations that the defendants are integrated enterprises.  (Response at 3, Doc. No. 36.)

Peeking behind the complaint, among other evidence introduced in the record is a copy of Mr. Ripton's administrative charge, in which he identifies his employer simply as "CDM."  (Pl.'s Charge of Discrimination, Doc. No. 36-2.)  Other evidence reflects that Camp Dresser & McKee maintains a web address at www.cdm.com.  (Mass. Sec'y of Commonwealth, Corp. Div., Corp.

Summary for Camp Dresser & McKee, Doc. No. 36-6.)  Camp Dresser & McKee repeatedly refers to itself in its filings as CDM, whereas it refers to co-defendant CDM Constructors, Inc., as "CCI."  (Mot. to Dismiss, *passim*.)  Moreover, in its initial disclosure, the defendants identified one of Camp Dresser & McKee's managers (Walter Chaffee) as someone who participated in staffing decisions and who may have knowledge regarding Mr. Ripton's termination.  (Defs.' Initial Disclosure at 2, Doc. No. 36-4.)  The defendants also identified Camp Dresser & McKee's staffing manager (Lauren Courtemanche) as the person who received Mr. Ripton's internal human resources complaint.  (Id.)

   *a. Integrated enterprise*

  "The factors considered in determining whether two or more entities are a single employer under the integrated-enterprise test are: (1) common management; (2) interrelation between operations; (3) centralized control over labor relations; and (4) common ownership."  Torres-Negron v. Merck & Co., 488 F.3d 34, 42 (1st Cir. 2007).  Mr. Ripton's initial showing suggests that a genuine issue of material fact may well exist whether both defendants were his employer and that full discovery on the integrated enterprise issue should run its course so that, if necessary, the Court can address this matter on a full summary judgment record that, unlike the instant motion, is properly presented under Local Rule 56.

   *b. Exhaustion*

  Technically speaking, "CDM" is not a proper legal reference to either defendant.  Practically speaking, it is a very handy reference to both.  It has been observed in various contexts that the administrative exhaustion requirement should not result in waiver based entirely on procedural technicalities;  that administrative charges should be liberally construed to include all of the claims that might fairly arise from the charge or that might reasonably be investigated

3

by the EEOC or the equivalent state agency.  See Randolph v. Ohio Dep't of Youth Servs., 453 F.3d 724, 731-32 (6th Cir. 2006); B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1100 (9th Cir. 2002); Park v. Howard Univ., 71 F.3d 904, 907 (D.C. Cir. 1995); cf. Love v. Pullman Co., 404 U.S. 522, 527 (1972) ("[T]echnicalities are particularly inappropriate in a statutory scheme [Title VII] in which laymen, unassisted by trained lawyers, initiate the process.").  This rule has been extended to the issue of whether a charge of discrimination properly names a defendant.  See Romero v. Union Pac. R.R., 615 F.2d 1303, 1311 (10th Cir. 1980) (collecting cases).  Factors courts have weighed before making a determination of the question include:

> (1)  the similarity of interests between the named defendant and the unnamed defendant(s);
>
> (2)  the relative ease by which the plaintiff could have ascertained the role of the unnamed party in the alleged discrimination at the time of the administrative charge;
>
> (3)  notice to the unnamed party;
>
> (4)  prejudice to the unnamed party; and
>
> (5)  whether the administrative investigation would likely have involved the unnamed party.

See id.; see also Thomas v. BET Sound-Stage Rest./Brettco, Inc., 61 F. Supp. 2d 448, 457-58 (S.D. Md. 1999), .

Arguably, it would be appropriate for the Court to deny this aspect of the motion to dismiss, without converting it to a summary judgment motion.  "After all, a court may look to matters of public record in deciding a Rule 12(b)(6) motion without converting the motion into one for summary judgment."  Boateng v. InterAmerican Univ., Inc., 210 F.3d 56, 60 (1st Cir. 2000).  The public record at issue, the charge of discrimination, names the employer as CDM.  That reference is equally competent to name either defendant or both defendants, which makes it

something of a technicality to say that it suffices for CDM Constructors, but not for Camp Dresser & McKee.  On balance, however, because issues of notice, prejudice and the degree of integration between these two entities are relevant factors to consider for purposes of the exhaustion question, I recommend that the Court simply decline to convert the motion to dismiss, deny the motion based on the allegations set forth in the first amended complaint, and let Camp Dresser & McKee reassert the matter, or not, based on a fully-developed summary judgment record presented in accordance with Local Rule 56.

    *c. Oral argument*

Philip Ripton filed a motion for oral argument (Doc. No. 38) on Camp Dresser & McKee's motion to dismiss, which motion has been referred to me in conjunction with the motion to dismiss.  Local Rule 7(f) grants this Court discretion as to whether to allow oral argument.  I conclude that the issues presented by the motion to dismiss are sufficiently clear based on the parties' written submissions and that an oral argument is not warranted.  As a non-dispositive motion, I have the authority to deny the motion for oral argument.  However, I do not formally deny the motion for oral argument in the event that the Court disagrees with my recommendation on the motion to dismiss and decides to entertain oral argument from the parties.

## Conclusion

For the reasons set forth above, I RECOMMEND that the Court DENY Camp Dresser & McKee's motion to dismiss and DENY Philip Ripton's motion for oral argument.

## NOTICE

> A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the

district judge, if any is sought, within ten (10) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

July 31, 2007